IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEWELLEAN MOORE, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:18-CV-042-S (BT) | |
| § | | |
| SOPHIA HERNANDEZ, et al., § | | |
| Defendants. § | | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. After screening Plaintiff's complaint, the magistrate judge enters these findings, conclusions, and recommendation that the District Court DISMISS this action for the following reasons:

## I. Background

This is a *pro se* civil rights action brought by Plaintiff Jewellean Moore against Defendants Prairie Creek Village Apartments, Sophia Hernandez, and Realpage, Inc., for alleged violations of Plaintiff's civil rights under 42 U.S.C. § 1983, violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, violations of the Fair Housing Act, 42 U.S.C. § 3601, and violations of Texas Property Code § 92.3515. The Court granted Plaintiff leave to proceed *in forma pauperis*, but has not issued process pending judicial screening.

Plaintiff's Complaint alleges, that on or about May 28, 2016, Plaintiff and Arthur Carson applied for low-income HUD housing at the Prairie Creek Village Apartments in Dallas, Texas. The Complaint alleges office manager Sophia Hernandez improperly denied Plaintiff's housing application based on inaccurate data regarding Plaintiff's "Criminal History and Unsatisfactory Credit History." The Complaint further alleges Hernandez and the Prairie Creek Village Apartments failed to disclose the particular aspects of Plaintiff's credit history that were allegedly unsatisfactory and failed to provide advance written notice of the selection criteria that would be used to evaluate Plaintiff's application. Plaintiff also appears to allege that Defendant Realpage, Inc. provided a misleading credit and criminal history report to Hernandez and the Prairie Creek Village Apartments. Plaintiff claims Defendants were negligent in obtaining her credit and criminal history report and failed to use a reasonable procedure to assure maximum accuracy of the information about her. By this lawsuit, Plaintiff seeks a declaratory judgment and $100,000 in damages.

## II. Screening

A district court is required to screen a civil action filed *in forma pauperis* and may summarily dismiss an action if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## III. Discussion

### 1. Fair Credit Reporting Act

Plaintiff sues Defendants under the Fair Credit Reporting Act, 15 U.S.C. § 1681(b). That section states:

> It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter.

15 U.S.C. § 1681(b). Plaintiff claims Defendants failed to use reasonable procedures to ensure the accuracy of her credit report. In response to the Magistrate Judge's Questionnaire, however, Plaintiff states she does not dispute

3

any information contained in her credit report. Instead, she claims Defendants failed to rely "on an independent evaluation." (ECF No. 8 at 2.) Because Plaintiff has failed to identify any inaccurate information in her credit report, the Court should dismiss her claim under the Fair Credit Reporting Act. *See Washington v. CSC Credit Services Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000) ("In order to pursue a cause of action based upon a willful or negligent violation of 15 U.S.C. § 1681e(b), the report sought to be attacked must be inaccurate.").

### 2. Criminal History

Plaintiff claims Defendants' denial of her rental application wrongfully inferred that she has a criminal history. Plaintiff, however, does not dispute that her co-applicant, Arthur Carson, has a criminal record. (ECF No. 8 at 3.) Although Plaintiff argues that Arthur Carson's burglary convictions were too old to be used, that a homicide conviction was improperly used, and that some of Arthur Carson's criminal history was "exaggerated" or "duplicated," Plaintiff has failed to show a violation of any state or federal law. This claim also should be dismissed.

### 3. Fair Housing Act

Plaintiff alleges Defendants violated the Fair Housing Act. This Act prohibits discrimination in housing based on race, color, religion, sex, familial status, national origin, or handicap. *See* 42 U.S.C. § 3604. Plaintiff claims

Defendants violated § 3604(f)(3)(B), which refers to discrimination based on a handicap and states that a violation occurs where there is:

> [A] refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling[.]

42 U.S.C. § 3604(f)(3)(B). Plaintiff, however, has failed to allege facts showing that she has a handicap, that Defendants were aware of any handicap, or that Defendants denied her rental application based on discrimination due to a handicap.

Finally, although Plaintiff claims she was not allowed to present any mitigating evidence regarding her application, she has failed to allege that her credit history was incorrect, or that her co-applicant did not have a criminal history. Plaintiff's claims under the Fair Housing Act should be dismissed.

### 4. 42 U.S.C. § 1983

Plaintiff claims the denial of her rental application violated her civil rights under 42 U.S.C. § 1983. To obtain relief under Section 1983, a plaintiff must prove two elements: (1) the deprivation of a right secured by the Constitution and laws of the United States; and (2) the deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The color of law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations

omitted). In rare cases, the state can so dominate private activity "as to convert it to state action." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009).

Here, Plaintiff has alleged no facts showing that Defendants are state actors. The mere fact that Defendants accepted federal housing assistance vouchers under HUD does not make them state actors. *See Miller v. Hartwood Apartments, Ltd.,* 689 F.2d 1239, 1242 (5th Cir. 1982) (determining plaintiffs could not pursue HUD claims under § 1983 against private apartment complex because the apartment complex was not a state actor); *see also, Williams v. Candletree Apartments,* 2014 WL 3964715, at *2 (N.D. Tex. Aug. 13, 2014) (summarily dismissing § 1983 claims against two apartment buildings that refused plaintiff's public housing voucher because neither defendant is a state actor). Plaintiff's Section 1983 claims should therefore be dismissed.

## 5. Property Code

Plaintiff claims Defendants violated Section 92.3515 of the Texas Property Code by failing to provide her with the criteria that would be used to evaluate her housing application. Section 92.3515 states:

> At the time an applicant is provided with a rental application, the landlord shall make available to the applicant printed notice of the landlord's tenant selection criteria and the grounds for which the rental application may be denied[.]

6

Tex. Prop. Code § 92.3515(a). The remedy for a landlord's failure to comply with this section is the return of any application fee and deposit. *Id.* at 92.3515(e). Plaintiff has failed to allege that she paid any application fee or deposit or that she requested any such fee or deposit be returned to her.

Plaintiff also has failed to establish diversity jurisdiction exists for this remaining state law claim. Although Plaintiff alleged that she is a resident of Arkansas, and that Defendants are residents of Texas, she failed to allege facts to establish that the matter in controversy for this claim exceeds $75,000. *See* 28 U.S.C. § 1332.

Additionally, although the Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367, the Court recommends that the claim be dismissed without prejudice to Plaintiff raising the claim in state court. This recommendation comports with "[t]he general rule that a court should decline to exercise jurisdiction over remaining state-law claims when all the federal-law claims are eliminated before trial[.]" *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *see also Parker & Parsley Petrol. Co. v. Dresser*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed."). Further, when the federal claims are dismissed at an early stage of the litigation, the district court has a "powerful reason to choose not to continue to exercise jurisdiction." *Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir.

2011) (quoting *Carnegie–Mellon*, 484 U.S. 343, 351 (1988)). The Court therefore recommends dismissal of Plaintiff's state law claim.

## IV. Recommendation

The Court recommends that the Court dismiss Plaintiff's federal claims with prejudice under 28 U.S.C. § 1915(e)(2) and decline to exercise supplemental jurisdiction over that Plaintiff's state law claim and dismiss that claim without prejudice.

Signed June 4, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).